

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2004

# USA v. Rodgers

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3497

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Rodgers" (2004). *2004 Decisions.* Paper 835.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/835

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3497

———

UNITED STATES OF AMERICA

v.

ROMERELL RODGERS,
Appellant

———

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Criminal No.  03-cr-00261)
District Judge: Honorable Garrett E. Brown, Jr.

———

Submitted Under Third Circuit LAR 34.1(a)
April 2, 2004

Before: ALITO, FISHER and ALDISERT, Circuit Judges.

(Filed April 14, 2004)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

This appeal by Romerell Rodgers requires us to interpret the language of Commentary

Application Note 3 to Section 4A1.2 of the United States Sentencing Guidelines.  More

specifically, we must decide whether the word "offense" means "conviction."  The

district court did not accept Appellant's version.  Neither do we.  We will affirm.

Application Note 3 provides:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).  Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing . . .

USSG § 4A1.2, Commentary Application Note 3.

If there was "an intervening arrest" between the prior offenses, the sentences for those offenses are not related and there is no further analysis.  United States v. Hallman, 23 F.3d 821, 825 n.3 (3d Cir. 1994) (explaining that where there is an intervening arrest, the court may not consider alternatives for determining whether the pair of sentences are related).

The issue comes to us from an incident when the Newark Police were conducting a reverse sting operation, in which the officers arrested Rodgers and found a silver .38 caliber handgun on Rodgers.  Rodgers pleaded guilty to a felon in possession of a firearm.  Prior to committing the instant offense, Rodgers committed, and was convicted for, three separate robberies and related offenses.

Rodgers argues that the district court erred in finding his base offense level to be 24 instead of 20.  He contends that the error was premised on the court's determination that three of his prior convictions were not related, so that USSG 2K2.1(a)(2) applies instead of USSG 2K2.1(a)(4).  Rodgers contends that his three prior convictions should

2

have been considered related, because they were sentenced at the same time and ran concurrent. And, he argues that his arrests were not "intervening" because no "offense" had been adjudicated before the new arrest.

The guidelines define offense as:

> [T]he offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context. The term "instant" is used in connection with "offense," "federal offense," or "offense of conviction," as the case may be, to distinguish the violation for which the defendant is being sentenced from a prior or subsequent offense, or from an offense before another court (e.g., an offense before a state court involving the same underlying conduct).

USSG § 1B1.1.

We cannot accept the notion that this definition regards an "offense" as synonymous with a "conviction" as Rodgers suggests. For example, such a reading would produce the guideline's definition of offense to be "the conviction of conviction." As Application Note 3 to USSG § 4A1.2 explains, "offenses" are "separated by an intervening arrest" when "defendant is arrested for a first offense prior to committing the second offense." It is beyond cavil that defendants are not "arrested" for a "conviction" nor do they commit a "conviction." Similarly, a defendant is not convicted for an offense without being first arrested for that offense.

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.

3